**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 90-0373-PHX-RGS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Clarence L. Morrison, | ) | |
| Defendant. | ) | |

      Pending before the Court is Defendant Clarence L. Morrison's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Rule 60(b) of the Federal Rules of Civil Procedure (Doc. #193). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.

## BACKGROUND

      On September 10, 1991, Defendant pled guilty to two counts of possession with the intent to distribute methamphetamine. On February 3, 1992, the Court imposed a 292-month sentence. Following an appeal, Defendant's conviction was affirmed.[1] On February 11, 1993, Defendant filed a motion for modification of sentence pursuant to 18 U.S.C. § 3582. On March 9, 1993, the Court denied the motion. On October 29, 1996, Defendant moved to vacate/set aside his sentence, and the Court denied the motion on January 6, 1999. On

---

[1] The Ninth Circuit affirmed the decision of the Court on May 6, 1993.

May 31, 2002, Defendant filed a second motion for modification of sentence pursuant to 18 U.S.C. § 3582. On April 28, 2003, the Court denied the motion.

On February 10, 2006, Defendant filed the instant motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Federal Rules of Civil Procedure 60(b), to which the Government filed its response on January 26, 2007.

## DISCUSSION

In his motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Federal Rules of Civil Procedure 60(b), Defendant requests to be resentenced in light of the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005).

The Ninth Circuit has held that Booker does not operate retroactively, and "does not apply to cases on collateral review where the conviction was final as of the date of *Booker's* publication." United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005). Defendant's conviction became final in 1993. Therefore, Defendant is not entitled to relief under Booker.

Further, the Court cannot modify Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) allows a district court to modify a sentence where the applicable sentencing range has been lowered by the Sentencing Commission subsequent to the imposition of the sentence.[2] "Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission." United States v. Moreno,

---

[2] 18 U.S.C. § 3582(c)(2) provides:

(c) Modification of an Imposed Term of Imprisonment. – The court may not modify a term of imprisonment once it has been imposed except that –

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1   421 F.3d 1217, 1220 (11th Cir. 2005).  Accordingly, Booker is inapplicable to § 3582(c)(2)
2   motions.  See id. at 1220-21.
3       Defendant's additional attempt for relief pursuant to Rule 60(b) of the Federal Rules
4   of Civil Procedure also fails.  Notwithstanding the fact that Booker does not operate
5   retroactively, Defendant cannot utilize Federal Rules of Civil Procedure 60(b) to attack his
6   criminal sentence based on the Supreme Court's holding in Booker.  Alternatively, to the
7   extent the Court construes Defendant's Rule 60(b) motion as a successive post-conviction
8   attack pursuant to 28 U.S.C. § 2255, the Court lacks jurisdiction to consider it.  Defendant
9   must seek and obtain permission from the appellate court prior to filing a successive motion
10  to vacate, set aside or correct his sentence.  See 28 U.S.C. § 2255 (successive motions require
11  compliance with certification procedure of 28 U.S.C. § 2244).
12      Based on the foregoing,
13      **IT IS ORDERED** denying Defendant's motion for modification of sentence (Doc.
14  #193).
15      DATED this 16th day of April, 2007.

_____
Roger G. Strand
Senior United States District Judge

- 3 -